Name: L.E. Thompson, Jr.
Address: 2312 West U.S. Hwy. 27
City/State/ZipCode: CLEWISTON, FL 33440-8950
Phone: _____
Debtor(s) <u>pro se</u>

FILED VIA MAIL

AUG -1 2014

CLERK, US BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE UNITED STATES BANKRUPTCY COURT
**MIDDLE** DISTRICT OF **FLORIDA**

In re **L.E. Thompson, Jr.**

SSN: xxx-xx-**8466**

and
**(NONE)**

SSN: xxx-xx **(NONE)**

Debtor(s).

Case No. **9:14-bk-08292-FMD**
**(Ch 13)**

### CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES

☑ Original Plan
☐ _____ Amended Plan
☐ _____ Modified Plan

Your rights may be affected by this Plan. If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in the NOTICE OF DATE TO FILE OBJECTIONS TO PLAN that was served on parties in interest. If this is a joint case, then "Debtor" means both Debtors. This Plan does not allow claims or affect the timeliness of any claim. To receive payment on an unsecured claim, you must file a Proof Of Claim with the Bankruptcy Court, even if this Plan provides for your debt. Except as provided in § 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an OBJECTION to the Plan.

☐ This is an Amended or Modified Plan. The reasons for filing this Amended or Modified Plan are: **(Not Amended)**

_____

**(A) Plan Payments And Property To Be Submitted To The Plan.**

(1) Plan payments start on _____, 20____. The debtor(s) shall pay the Trustee as follows:

$_____ each month for month _____ through month _____.
$_____ each month for month _____ through month _____.
$_____ each month for month _____ through month _____.

The proposed plan duration is **60** months. The applicable commitment period is _____ months. (Section 1325(b)(4)

(2) The debtor(s) will submit the following property in addition to the plan payments: [Describe the property or state none]
**NONE**

**(B) Trustee's Percentage Fee.**

Pursuant to 28 U.S.C. § 586(c), the Trustee may collect the percentage fee from all payments and property received, not to exceed Ten Percent (10%).

**(C) Treatment of Administrative Expenses and Claims.**

Except as specified for adequate protection payments under (C)(1) or otherwise Ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (I), disbursements by the Trustee shall be pro rata by class (except for adequate protection payments) and made in the following order:

(1) **Adequate Protection Payments.** Section 1326(a)(1)(C) requires adequate protection payments to be made to creditors secured by personal property. Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the following secured creditors without a Court Order, provided the claim is properly listed on Schedule D, the creditor files a Secured Proof of Claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the Trustee requesting payment of pre-

confirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court Orders otherwise, adequate protection payments will continue in the same amount until claims to be paid prior to these claimants are paid in full, unless the confirmed plan or a Court Order specifies a different amount. **If a creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditor may file an objection to confirmation of this Plan, file a motion pursuant to §§ 362, 363, or do both:**

| Creditor | Property Description | Monthly Payments |
|---|---|---|
| | | |

☐ See Section (I), Varying Provisions.

(2) **Administrative Expenses, Section 507(a)(2).** *(Filed PRO SE)*

(a) Attorney Fees. Debtor's Attorney received $ __0__ before filing. The balance of $ __0__ or an amount approved by the Court upon application shall be paid by the Trustee. See Section (f) for any fee application.

(b) Other Administrative Expenses, if any: __0 (NO PRIVATE ATTORNEY)__

☐ See Section (I), Varying Provisions.

(3) **Leases and Unexpired Executory Contracts.** Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or Unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearages will be cured in the plan payments with regular monthly payments to be paid directly by the Debtor outside the Plan. The arrearage amount to be adjusted to the amount in the Creditor's allowed Proof of Claim:

(a) Leases and/or Unexpired Executory Contracts Assumed: *(NONE)*

| Name of Creditor and Description of Property | Estimated Arrearage Amount | Arrearages Through Date |
|---|---|---|
| (NONE) | | |

(b) Leases and/or Unexprired Executory Contracts Rejected: *(NONE)*

| Name of Creditor | Property Description |
|---|---|
| (NONE) | |

☐ See Section (I), Varying Provisions.

(In re L.E. Thompson, Sr.)   (CASE 9:14-bk-08292-FMD)
(Ch 13)
Case 9:14-bk-08292-FMD   Doc 19   Filed 09/01/14   Page 3 of 5

(4) **Claims Secured Solely By Security Interest In Real Property.** A creditor identified in this paragraph may mail the debtor all correspondence, notices, statements, payment coupons, escrow notices and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay. Unless stated below, Debtor is to post-petition payments directly to the creditor and prepetition arrearages shall be cured through the Trustee. No interest will be paid on prepetition arrearages or debt unless otherwise stated. The arrearage amount is to be adjusted to the amount in the creditor's allowed Proof of Claim. Except as provided by Local Bankruptcy Rules, if a creditor gets unconditional stay relief the actual cure amounts shall be adjusted by the the Trustee pursuant to the creditor's allowed proof of claim. The Debtor is retaining real property and provides for each such debt, to wit:

| Creditor/Servicing Agent & Property Description | Collateral Value & Valuation Method | Post-Petition Mortg. Payments* | Estimated Arrearages | Arrearage Through Date |
|---|---|---|---|---|
| Hendry County FLA. REAL ESTATE TAXES on 2312 West U.S. Hwy 27 Clewiston, Fla. | | 0 | | 2014 |

☐ See Section (I), Varying Provisions.      *[ ] Debtor will pay directly to Creditor; or [ ] Debtor will include in Plan

(only REAL ESTATE)

(5) **Claims Secured By Personal Property or a Combination of Real and Personal Property.** Pursuant to § 1325(a), secured creditors listed below shall be paid the amount shown below as the Amount to be Paid as a Secured Claim under the Plan, with such amount paid through the Plan Payments. However, if the creditor's proof of claim amount is less than the Amount of Secured Claim to be paid under the Plan, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (c)(1) above. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the Order Confirming the Plan. If a creditor files a secured claim in an amount less than that proposed in this Plan, the claim amount will be paid:

| Name of Creditor and Property Description | Amount of Debt | Value of Collateral & Valuation Method | Amount To Be Paid on Secured Claim | Rate of Interest |
|---|---|---|---|---|
| (NONE) | | | | |

☐ See Section (I), Varying Provisions.   (NONE)

(6) **Priority Unsecured Claims.** All allowed claims entitled pro rata priority treatment under § 507 shall be paid in full in the following order:

(a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the Petition. Unpaid obligations before the Petition filing date will be cured in the Plan Payments:

| Name of Creditor | Estimated Arrearages | Arrearages Through Date |
|---|---|---|
| (NONE) | | |

(b) Other unsecured priority claims.   (NONE)

| Name of Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| (NONE) | | |

☐ See Section (I), Varying Provisions.

© 2009, Alpha Publications of America, Inc.        FORM ABK-8001c        Page 3 of 5 Pages
All Rights Reserved.

*(In re L. E. Thompson, Jr.)*          *(CASE 9:14-bk-08292-FMD)*
                                       *(Ch/3)*

(7) **CoDebtor Claims.** The following Codebtor claim(s) is(are) to be paid, per the allowed claim, pro rata before other unsecured, nonpriority claims: **(NONE)**

| Name of Creditor | Codebtor Name | Estimated Amount |
|---|---|---|
| *(NONE)* | | |

☐ See Section (I), Varying Provisions.  *(NONE)*

(8) **Nonpriority, Unsecured Claims.** Allowed unsecured, nonpriority claims shall be paid pro rata from the balance after all other payments have been made under the Plan.

☐ See Section (I), Varying Provisions  *(NONE)*

(D) **Lien Retention.** Secured Creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy laws or upon discharge, whichever occurs first.

(E) **Surrendered Property.** Debtor surrenders the following property. Upon confirmation of this Plan or except as otherwise Ordered by the Court, Bankruptcy Stays are lifted as to the collateral to be surrendered. Any claim filed by such creditor shall receive no distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. **Should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributioin to that creditor:** *(NONE)*

| Name of Creditor/Claimant | Property To Be Surrendered |
|---|---|
| *(NONE)* | |

(F) **Vesting.** Vesting of property of the Estate. Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not re-vest in the Debtor upon confirmation:

**Description Of The Property Not Revesting With The Debtor**
*(NO description — all should vest to debtor)*

☐ See Section (I), Varying Provisions.

(G) **Tax Returns.** While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax returns within thirty days after filing such returns with the taxing agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the date the Petition was filed with the Court, except:

☐ Not applicable.

☐ Describe here any unfiled tax returns: *Debtor does not make enough income to be required to file Income Tax returns (IRS - USA). Also - Florida does not collect income Tax. Debtor has had low income for more than 4 yrs.*

(H) **Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

(I) **Varying Provisions.** The Debtor submits the following provisions that vary from the Local Plan Form, Section (A) through Section (G):  (debtor's income does VARY from month to month & yr. to yr.)

☐ None.

1. If applicable, state here the varying provision and relevant paragraph:_____

2. If applicable, state here the varying provision and relevant paragraph:_____

3. If applicable, state here the varying provision and relevant paragraph:_____

(J) **Plan Summary.** If there are discrepancies between the Plan and this Plan Analysis, the provisions of the Confirmed Plan Control.

(1) Adminstrative Expenses ................................................................. $ 0
(2) Priority Claims ................................................................................. $ 0
(3) Payments on Leases or to Cure Defaults, including Interest ....... $ 0
(4) Payments on Secured Claims, including Interest ......................... $
(5) Payments on Unsecured, Nonpriority Claims (No unsecured claims) ... $ 0
  SUBTOTAL ....................................................................................... $ 0
(7) Trustee's Compensation (10% of Debtor's Payments) .................. $
(8) **TOTAL PLAN PAYMENTS** ............................................................ $ 0

(K) **Section 1325 Analysis.**

(1) Best Interest of Creditors Test:
  (a) Value of Debtor's Interest in Nonexempt Property (unable to determine value) (?)
  (b) Plus: Value of Property recoverable under avoiding powers (unable to determine value?) $ (?)
  (c) Less: Estimated Chapter 7 Administrative Expenses (NOT Ch 7 - it is Ch 13) $ -0
  (d) Less: Amount payable to unsecured, priority Creditors (There are no unsecured creditors) $ 0
  (e) **Equals:** Estimated amount payable to unsecured, nonpriority claims if Debtor file Chapter 7 ... $ 0
  (not ch 7 → is 13)

Paragraph 2 below must be completed by Debtors whose current monthly income exceeds State Median Income (Income is well below FLA. STATE Median Income)

(2) Section 1325(b) Analysis:
  (a) Amount from Line 59, Form B22C, Statement of Current Monthly Income ............... $
  (b) Applicable Commitment Period .................................................... $
  (c) Section 1325(b) amount [(b)(1) amount times 60] ......................... $
(3) Estimated Payments To Unsecured, Nonpriority Creditors Under Plan ............... $

Dated: July 30, 2014

_L.E. Thompson, Jr._  
Debtor  
L.E. Thompson, Jr.

__(NONE)__  
CoDebtor

© 2009, Alpha Publications of America, Inc.  
All Rights Reserved.

FORM ABK-8001e

Page 5 of 5 Pages